Gene C. WARREN, Appellant,

v.

UNITED STATES FIDELITY AND GUAR-
ANTY COMPANY, Appellee.

No. 2735.

Municipal Court of Appeals for the
District of Columbia.

Argued April 10, 1961.

Decided June 22, 1961.

Samuel H. Suls, Washington, D. C., with
whom Carl P. Fogel, Washington, D. C.,
was on the brief, for appellant.

Walter J. Murphy, Jr., Washington, D. C.,
with whom H. Mason Welch, J. Harry
Welch, J. Joseph Barse, Arthur V. Butler
and James A. Welch, Washington, D. C.,
were on the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code §
11–776(b).

HOOD, Associate Judge.

Appellant sued appellee for medical pay-
ments allegedly due under a policy of in-
surance issued by appellee to appellant. Ap-
pellee in its answer admitted it had issued
such a policy to appellant but denied that
appellant had given the timely notice re-
quired by the policy. At trial without a
jury appellant offered evidence of certain
medical expenses he had incurred as the
result of an accident and evidence of notice
to appellee. During the course of appel-
lant's testimony his counsel showed him an
insurance policy and asked if it was the
policy which was in effect at the time of the
accident; and appellant replied it was not
that one but was a later policy issued to
him by appellee.

The policy on which the action was based
was not produced or offered in evidence.
When appellant closed his case appellee
moved for a finding in its favor on the
ground that in the absence of proof of the
terms and provisions of the policy there
could be no recovery thereon.

During the course of a lengthy argument
on the motion, appellant's counsel stated
that through inadvertence the wrong policy
had been brought to court and asked for a
short recess in order to obtain the right one
from his office; although later in the argu-
ment he stated that appellant thought that
the policy was at his home,[1] and he asked
for a continuance of a few days in which to
produce the policy. Appellee opposed the

---

1. At motion for new trial it was stated
that the policy had been found in the

possession of appellant's employer at
appellant's place of business.

recess or continuance and insisted that its motion be granted. The court ruled that without the policy before it there was no way of determining whether appellant had met the requirements of the policy, that the request for a continuance was not meritorious, that appellant had failed to sustain his burden of proof, and consequently that appellee was entitled to a finding in its favor.

 Conceding that the burden was upon him to establish the terms of the contract sued upon, appellant argues that he sustained that burden because the pleadings admitted the existence of the contract. This argument has no merit. The pleadings did establish a contract of insurance containing a provision for medical payments, but they did not establish the terms under which such payments would be made, or the requirements as to form and time of notice, or even the limitation on the amount of payments. The trial court correctly stated that it could not determine the claim under a contract when it did not have the contract before it.

The real question here is whether the court should have granted a continuance in order that the contract could be produced and put in evidence. It is difficult to justify or excuse the conduct of counsel who goes to court to present a claim on a contract and fails to be prepared to prove the terms of the contract on which his claim is based, when such proof is easily available; but it is also difficult to justify dismissal of a claim under an insurance policy for the sole reason that the policy is not produced, when the existence of the policy is admitted, and the policy, although not in court, is in the possession of the insured and the insurance company undoubtedly has in its possession a copy of the policy. During the argument on the motion appellant's counsel stated to the court that counsel for appellee "has a copy of the policy here and now." This statement was not denied by appellee's counsel, and we are puzzled by the failure of appellant's counsel to ask that appellee's counsel produce the copy or to ask the court to require him to produce it.

We are convinced that when it developed that appellant had brought the wrong policy to court and that the insurance company could not or would not produce its copy, the trial court should have granted a reasonable continuance in order that appellant could bring in the right policy so that the claim could be decided on its merits.

Reversed with instructions to grant a new trial.